UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Daru Swinton                Plaintiffs,
#48752-053
P.O. Box 1000
Lewisburg, PA 17837
            v.
EDWARD F. REILLY, JR., et al.,
Patricia A. Cushwa, Isaac Fulwood, Jr.,
Cranston J. Mitchell,
Deborah A. Spagnoli    Defendants.

Case: 1:07-cv-01120
Assigned To : Friedman, Paul L.
Assign. Date : 6/22/2007
Description: Pro Se Gen. Civil

## COMPLAINT

Daru Swinton brings this complaint against Defendants Edward F. Reilly, Jr., Patricia K. Cushwa, Isaac Fulwood, Jr., Cranston J. Mitchell, and Deborah A. Spagnoli. Defendants are the Chairman and/or Commissioners of the United States Parole Commission and were and are responsible for reviewing and acting upon Mr. Swinton's requests for parole.

Mr. Swinton, like Plaintiffs in this case, is an inmate convicted of violating the District of Columbia Code. He is currently confined in the United States Penitentiary in Lewisburg, Pennsylvania. Also like Plaintiffs in this case, Mr. Swinton has been and continues to be subjected to various injurious acts by the Defendants, who have improperly denied his requests for parole. The Defendants' acts violate the Ex Post Facto Clause and the Fifth and Fourteenth Amendments of the United States Constitution. Mr. Swinton, therefore, seeks

1

declaratory and injunctive relief under 42 U.S.C. § 1983 addressing the Defendants injurious acts.

Set forth below are the facts regarding Mr. Swinton's claim and the legal questions posed with respect to the Defendants' actions. As these facts demonstrate, there can be no question that Mr. Swinton's claim shares common questions of fact and law with the issues in 1:06-cv o1650-ESH.

## FACTS

1. The Superior Court of the District of Columbia sentenced Mr. Swinton on May 8, 1998 to serve between six years, eight months and life, based on convictions for armed robbery and attempted kidnapping that arose out an incident on September 19, 1996.

2. Mr. Swinton became eligible for parole in July 2004, after serving 80 months in prison. In December 2003, the Parole Commission gave Mr. Swinton his initial parole hearing.

3. Despite the fact that Mr. Swinton was convicted and sentenced at a time when the Parole Board applied its 1987 Guidelines and other policies and practices to parole determinations, Defendants applied their own parole guidelines in evaluating Mr. Swinton's request for parole.

4. Under the Defendants' guidelines, Mr. Swinton's Salient Factor Score at his initial parole hearing was 5 and his Base

Point Score was 5. His SFS was based on his one prior conviction for possession of a firearm when he was arrested for the instant offense, his lack of prior commitments, his recent commitment-free period (three years); and, his lack of a probation or escapee status. His Base Point Score was based upon the violence of the offense. Under the Defendants' Guidelines, Defendants used Mr. Swinton's Base Point Score to increase the range of months that Mr. Swinton was expected to serve to become eligible for parole from the minimum term (80 months) under the Parole Board's statutes, regulations, guidelines, policies, and practices to the minimum term plus an additional 18-24 months.

5. At the initial hearing, Defendants further increased Mr. Swinton's Total Guideline Range by 12-16 months by adding months under the "Disciplinary Guideline Range." Defendants based this increase in the period Mr. Swinton presumptively had to serve before being considered suitable for parole on a disciplinary report Mr. Swinton had received in January 2003 for allegedly possessing a weapon.

6. Defendants then reduced Mr. Swinton's Total Guideline Range by only eight months for his Superior Program Achievement. This amounted to almost 1/10th of the period Mr. Swinton had served, and Defendants failed to give Mr. Swinton credit for his

program achievement during the vast majority of time he served prior to his initial hearing.

7. At Mr. Swinton's 2004 initial parole hearing, Defendants denied parole, finding that a decision to grant parole outside of the guidelines was unwarranted. Defendants then gave Mr. Swinton a three year set-off.

8. In October 2006, Defendants conducted Mr. Swinton's parole rehearing. By this time, Mr. Swinton had served more than two years longer than his minimum sentence under the D.C. Board of Parole's statutes, regulations, guidelines, policies, and practices.

9. At the October 2006 parole rehearing, Defendants again evaluated Mr. Swinton's parole request using their guidelines as opposed to the D.C. Parole Board's guidelines.

10. At the October 2006 parole rehearing, Defendants took the Base Point Score Guideline Range and Disciplinary Guideline Range from Mr. Swinton's initial parole hearing and adjusted the range for disciplinary infractions since the initial hearing, of which there was one for a minor incident, and program achievement since the initial hearing.

11. For program achievement, Defendants awarded Mr. Swinton 4 months of credit for "Superior Program Achievement," which reflected Mr. Swinton's programming since his initial hearing.

4

12. At his parole rehearing, Defendants calculated Mr. Swinton's Total Guideline Range to be 98-110 months. Although Mr. Swinton had met his minimum sentence requirements (and thus his offense accountability requirements) under the D.C. Parole Board's guidelines as of July, 2004, Defendants denied Mr. Swinton's request for parole. Defendants based their denial on the fact that Mr. Swinton's crime involved three victims and Mr. Swinton allegedly had a propensity to possess weapons. Defendants did not cite a single one of these reasons at Mr. Swinton's initial parole hearing.

13. Under the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices, Mr. Swinton had served the "minimum sentence" for his offenses when he became eligible for parole after serving 80 months. The "minimum sentence" represented the period that Mr. Swinton needed to serve to satisfy his accountability for the offense itself.

14. Under the guidelines Defendants applied at Mr. Swinton's parole hearings, Defendants take the offender's minimum sentence – the period before the offender is eligible for parole – and add a "Base Point Score Guideline Range," which under the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices, already has been accounted for in the minimum sentence. Mr. Swinton already has served over two years in excess of his minimum sentence.

5

15. The D.C Parole Board's guidelines also do not provide for increasing an offender's minimum sentence by considering formulaic disciplinary guideline ranges. Thus, where Defendants increased Mr. Swinton's Total Guideline Range by 12-18 months under their guidelines based on disciplinary infractions, the D.C. Parole Board's guidelines would not have considered some of these disciplinary infractions and would not have assigned a period of presumptive additional incarceration needed to address them. Instead, only certain disciplinary infractions are considered for purposes of evaluating an inmate's parole eligibility, and then only for purposes of adding a single point, not a range of months, to the inmate's point score.

## CLAIMS

16. By applying their own guidelines in considering Mr. Swinton's requests for parole, Defendants significantly increased the risk that Mr. Swinton will serve a longer period of incarceration than he would have had Defendants applied the parole statutes, regulations, guidelines, policies, and practices of the D.C. Parole Board. Defendants' actions, therefore, constitute a violation of the Ex Post Facto clause of the United States Constitution.

17. Defendants have significantly increased the risk that Mr. Swinton will serve a longer period of incarceration than he

would have had Defendants' applied the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices by:

    a. increasing the period the D.C. Parole Board considered as satisfying Mr. Swinton's offense accountability; and

    b. increasing Mr. Swinton's guideline ranges by considering disciplinary infractions that the Parole Board would have ignored.

18. By ignoring the Parole Board's statutes, regulations, guidelines, policies, and practices, which consider the Mr. Swinton's minimum sentence as satisfying offense accountability, the Defendants have necessarily significantly increased the risk that Mr. Swinton will be incarcerated longer than he would have been had the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices been applied.

19. Similarly, Defendants necessarily have significantly increased the risk that Mr. Swinton will be incarcerated longer than he would have been had the D.C. Parole Board's guidelines been applied by considering institutional infractions that would not have affected the D.C. Parole Board's consideration of Mr. Swinton's parole applications.

**RELIEF REQUESTED**

Wherefore, Mr. Swinton respectfully requests that this Court:

1. require the Defendants to apply the D.C. Parole Board's statutes, regulations, guidelines, policies, and practices to his requests for parole;

2. deem that his service of his sentence to his parole eligibility date satisfies the offense accountability for parole consideration purposes;

3. order the Defendants to reconsider their decisions on Mr. Swinton's applications for parole based on the existing record in a manner consistent with the D.C. Parole Board guidelines, the other statutes, regulations, guidelines, policies, and practices of the D.C. Parole Board, federal regulations, the Constitution, and all other requirements of law;

4. award Mr. Swinton attorneys fees and litigation expenses; and

5. grant such other and further relief as the Court deems appropriate.

Respectfully Submitted

_\[signature\]_
Daru Swinton, Pro se
#48752-053
USP Lewisburg
P.O. BOX 1000
Lewisburg, PA 17837

**JS-44**
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Daru Swinton, pro se
48752-053
P.O. Box 1000
Lewisburg, PA. 17837

58888

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS
Edward F. Reilly, Jr., Chairman of the United States Parole Commission
Cranston J. Mitchell, Commissioner of the United States Parole Commission
Deborah A. Spagnoli, Commissioner of the United States Parole Commission
Patricia K. Cushwa, Commissioner of the United States Parole Commission
Isaac Fulwood, Jr., Commissioners of the United States Parole Commission

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Daru Swinton
Fed. Reg. No. 48752-053
USP Lewisburg, P.O. Box 1000
Lewisburg, PA 17837

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01120
Assigned To : Friedman, Paul L.
Assign. Date : 6/22/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⦿ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ⦿ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

⑦

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ☛ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☑ 444 Welfare<br>☑ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C., Sections 1331 and 1343 (a)(3), (a)(4), (b)(1), and 42 U.S.C 1983

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint  JURY DEMAND: YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☒  NO ☐   If yes, please complete related case form.

DATE 6/5/07    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

6-21-07
22

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.